GOLDLAWR, INC., *v.* HEIMAN ET AL.

No. 101.   Argued March 19, 1962.—Decided April 30, 1962.

*Edwin P. Rome* argued the cause and filed briefs for petitioner.

*C. Russell Phillips* argued the cause for Select Operating Corp. et al., respondents.   With him on the briefs were *Gerald Schoenfeld, Bernard B. Jacobs, Aaron Lipper* and *C. Brewster Rhoads.*

*Aaron Lipper* argued the cause for Morgan Guaranty Trust Company of New York, respondent.   With him on the brief was *Richard B. Dannenberg.*

Mr. Justice Black delivered the opinion of the Court.

This private antitrust action for treble damages and other relief under §§ 1 and 2 of the Sherman Act[1] and § 4 of the Clayton Act[2] was brought by the petitioner against a number of defendants in the United States District Court for the Eastern District of Pennsylvania. After hearings on a motion to dismiss the action on grounds of improper venue and lack of personal jurisdiction over the defendants, the Pennsylvania District Court agreed that venue was improperly laid as to two of the corporate defendants[3] because they were neither inhabitants of, "found" nor transacting business in Pennsylvania, these being the alternative prerequisites for venue under § 12 of the Clayton Act.[4] That court refused to dismiss the action as to these defendants, however, choosing instead to use its authority under 28 U. S. C. § 1406 (a) to transfer it to the Southern District of New York where, because the defendants could be found and transacted business, venue was proper and personal jurisdiction could be obtained over them by service of process under § 12. These two corporate defendants then appeared in the New York District Court and moved to have the case dismissed by that court on the ground that the Pennsylvania District Court had not had personal jurisdiction over them and, lacking such personal jurisdiction, it had not had power under § 1406 (a) to transfer the

---

[1] 26 Stat. 209, as amended, 15 U. S. C. §§ 1 and 2.

[2] 38 Stat. 731, 15 U. S. C. § 15.

[3] The District Court also found venue improper as to a number of individual defendants, but that fact is not relevant to any issue properly before us. See note 5, *infra.*

[4] 38 Stat. 736, 15 U. S. C. § 22. This section, which deals with both venue and personal jurisdiction in antitrust actions against corporations, also provides that process may be served in the district of which the corporation "is an inhabitant, or wherever it may be found."

action.[5]  The New York District Court granted this motion on the ground asserted,[6] and the Court of Appeals for the Second Circuit, with Judge Hincks dissenting, affirmed on the same ground.[7]  Because this decision presented a conflict with the uniform course of decisions previously made on this same question by other Courts of Appeal,[8] we granted certiorari.[9]

Section 1406 (a), under which the Pennsylvania District Court transferred this case, provides:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants.  And we cannot agree that such a restrictive interpretation can be supported by its legislative his-

---

[5] The Pennsylvania District Court also transferred the action against the individual defendants as to whom venue had been found improper.  Only one of these, Marcus Heiman, moved in the New York District Court to have the action dismissed as to him for lack of power in the transferring court.  Heiman's motion was granted on this ground and on a second entirely independent ground.  The Court of Appeals affirmed the dismissal as to Heiman on both grounds and the petitioner did not seek certiorari as to the second and independent ground.  The writ is therefore dismissed as to Heiman.

[6] 175 F. Supp. 793.

[7] 288 F. 2d 579.

[8] See *Internatio-Rotterdam, Inc.,* v. *Thomsen,* 218 F. 2d 514; *Orion Shipping & Trading Co.* v. *United States,* 247 F. 2d 755; *Amerio Contact Plate Freezers, Inc.,* v. *Knowles,* 107 U. S. App. D. C. 81, 274 F. 2d 590; *Hayes* v. *Livermont,* 108 U. S. App. D. C. 43, 279 F. 2d 818.

[9] 368 U. S. 810.

tory—either that relied upon by the Court of Appeals [10] or any other that has been brought to our attention. The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be "found" or that they "transact . . . business" in the Eastern District of Pennsylvania.[11] The language and history of § 1406 (a), both as originally enacted [12] and as amended in 1949,[13] show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

The language of § 1406 (a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies

[10] Senate Report No. 303, 81st Cong., 1st Sess., discussed by the court below at 288 F. 2d 579, 583.

[11] As illustrating the difficulties which may arise in determining where corporations can be found or transact business, see *Polizzi* v. *Cowles Magazines, Inc.,* 345 U. S. 663; *International Shoe Co.* v. *Washington,* 326 U. S. 310.

[12] 62 Stat. 937.

[13] 63 Stat. 101.

on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406 (a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." [14] It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406 (a) which do not exist in the language Congress used to achieve the procedural reform it desired.

The Court of Appeals erred in upholding the District Court's order dismissing this action as to these two corporate defendants. The judgment of the Court of Appeals is accordingly

*Reversed.*

MR. JUSTICE FRANKFURTER took no part in the decision of this case.

MR. JUSTICE WHITE took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN, whom MR. JUSTICE STEWART joins, dissenting.

The notion that a District Court may deal with an *in personam* action in such a way as possibly to affect a defendant's substantive rights without first acquiring jurisdiction over him is not a familiar one in federal

---

[14] *Internatio-Rotterdam, Inc.,* v. *Thomsen,* 218 F. 2d 514, 517.

jurisprudence. No one suggests that Congress was aware that 28 U. S. C. § 1406 (a) might be so used when it enacted that statute. The "interest of justice" of which the statute speaks and which the Court's opinion emphasizes in support of its construction of § 1406 (a) is assuredly not a one-way street. And it is incongruous to consider, as the Court's holding would seem to imply, that in the "interest of justice" Congress sought in § 1406 (a) to deal with the transfer of cases where *both* venue and jurisdiction are lacking in the district where the action is commenced, while neglecting to provide any comparable alleviative measures for the plaintiff who selects a district where venue is proper but where personal jurisdiction cannot be obtained.*

In these circumstances I think the matter is better left for further action by Congress, preferably after the Judicial Conference of the United States has expressed its views on the subject. Cf. *Miner* v. *Atlass*, 363 U. S. 641, 650–652. Meanwhile, substantially for the reasons elaborated in the opinion of Judge Moore, 288 F. 2d 579, I would affirm the judgment of the Court of Appeals.

---

*In an ordinary diversity suit, for example, a plaintiff may bring suit in the judicial district where he resides. 28 U. S. C. § 1391 (a). But if he is unable to get personal service on the defendant in the territory defined by Fed. Rule Civ. Proc. 4 (f), his suit will be dismissed. See *Robertson* v. *Railroad Labor Board,* 268 U. S. 619; cf. *Mississippi Publishing Corp.* v. *Murphree,* 326 U. S. 438, 442–443. Since this would not be "a case laying venue in the wrong division or district," § 1406 (a) would be inapplicable.