UNITED STATES of America, Plaintiff,

v.

Marve A. DUBIN, Defendant.

Civ. No. 63–436.

United States District Court
S. D. Florida.

Jan. 6, 1966.

William A. Meadows, Jr., U. S. Atty., Miami, Fla., for plaintiff.

Raymond L. McGuire, Tax Division, Department of Justice, Washington, D. C., E. David Rosen, Miami, Fla., for defendant.

MEHRTENS, District Judge.

This is a civil action by the United States to collect from the defendant various penalty assessments made against him by the United States as a responsible officer of General Television Corporation and General Television Service Corporation for his failure to turn over to the United States certain Federal Unemployment Tax Act taxes and withholding taxes owed by those corporations, and to collect an assessment made against the defendant by the United States for unpaid 1952 income taxes, statutory additions and interest. This cause came on to be tried without a jury, and the Court, having reviewed the pleadings and the evidence, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. This action was filed at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury of the United States. This action was instituted in the United States District Court for the Northern District of Ohio on April 5, 1961. The defendant was not served with process in that District and thereafter, on ex parte motion on July 19, 1963, was transferred to the United States District Court for the Southern District of Florida, and actually filed herein on July 29, 1963.

2. The defendant, Marve A. Dubin, a/k/a Marvin A. Dubin, was a responsible officer in the General Television Corporation and the General Television Service Corporation during the time the liability for taxes, as alleged in paragraphs 3 and 4, accrued.

3. A delegate of the Secretary of the Treasury of the United States made, un-

der authority of Section 2707 of the Internal Revenue Code of 1939, assessments of a 100% penalty and interest against the defendant, Marve A. Dubin, a/k/a Marvin A. Dubin, for failure to turn over FUTA taxes owing by the General Television Corporation and by the General Television Service Corporation to the plaintiff, duly gave the defendant notice of the assessments, stating the amount and demanding payment thereof, but all of the assessments have not been paid, as more particularly set forth in the following schedule:

| Tax Period | Date of Assessment | Date of Notice and Demand | Amount Assessed and Outstanding Balance |
|---|---|---|---|
| 1952 | 8/24/53 | 9/8/53 | $ 317.35 |
| 1953 | 7/14/54 | 7/16/54 | 595.36 |
| | | | 762.91 |
| | | | $1,675.62 * |

\* Plus statutory additions and plus interest thereon as provided by law.

4. An offer of compromise was submitted by defendant on the FUTA assessments on July 8, 1955, and rejected by the Government on April 11, 1956.

5. A delegate of the Secretary of the Treasury of the United States made, under authority of Section 2707 of the Internal Revenue Code of 1939, an assessment of a 100% penalty and interest against the defendant. Marve A. Dubin, a/k/a Marvin A. Dubin, for failure to turn over withholding taxes owing by the General Television Corporation and by the General Television Service Corporation to the plaintiff, duly gave the defendant notice of the assessments, stating the amount and demanding payment thereof, but all of the assessments have not been paid, as more particularly set forth in the following schedule:

| Tax Period | Date of Assessment | Date of Notice and Demand | Amount Assessed and Outstanding Balance |
|---|---|---|---|
| 2/Q/51 | 8/24/53 | 9/8/53 | $ 1,463.93 |
| 3/Q/51 | 8/24/53 | 9/8/53 | 5,000.00 |
| 4/Q/51 | 8/24/53 | 9/8/53 | 6,593.02 |
| 1/Q/52 | 8/24/53 | 9/8/53 | 3,647.53 |
| 2/Q/52 | 3/24/54 | 3/26/54 | 2,488.02 |
| 2/Q/52 | 8/24/53 | 9/8/53 | 6,249.89 |
| 3/Q/52 | 8/24/53 | 9/8/53 | 5,243.50 |
| 4/Q/52 | 8/24/53 | 9/8/53 | 3,393.37 |
| 1/Q/53 | 8/24/53 | 9/8/53 | 5,271.49 |
| 1/Q/53 | 6/9/54 | 6/11/54 | 148.00 |
| 2/Q/53 | 7/14/54 | 7/16/54 | 4,230.97 |
| 3/Q/53 | 6/9/54 | 6/11/54 | 1,056.98 |
| 3/Q/53 | 7/14/54 | 7/16/54 | 106.00 |
| 4/Q/53 | 6/9/54 | 6/11/54 | 441.02 |
| | | | $45,333.72 * |

\* Plus statutory additions and plus interest thereon as provided by law.

6. An offer of compromise was submitted by defendant on the withholding tax assessments on July 8, 1955, and rejected by the Government on April 11, 1956.

7. On July 6, 1956, a delegate of the Secretary of the Treasury of the United States made an assessment of income tax deficiency with interest for the year 1952, in the amount of $5,664.18, against

the defendant, Marve A. Dubin, a/k/a Marvin A. Dubin, duly gave the defendant notice of said assessment on July 13, 1956, stating the amount and demanding payment thereof, but the assessment has not been paid, and there is outstanding upon the assessment the amount of $5,664.18, plus statutory additions and plus interest thereon as provided by law.

8. No waiver of the limitation on the income tax assessment (26 U.S.C.A. § 6501) was ever given by or on behalf of the defendant.

9. Neither the Government nor the defendant introduced any documentary evidence on the issue of when, if ever, the defendant filed his 1952 income tax return. This issue is critical because Section 6501 of Title 26 U.S.C.A. requires the Government to make the assessment "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *." Therefore, if the defendant filed his 1952 income tax return on or before March 15, 1953 (which was the time required by law), the assessment would be invalid because it was not made until July 6, 1956.

10. The uncontradicted testimony of the defendant is that he filed his 1952 income tax return timely. Additionally, the defendant is aided by a presumption that his return was filed as required by law. Dick Bros., Inc. v. C.I.R., 205 F.2d 64 (3rd Cir. 1953) Finally, it is significant to note that the Government offered no evidence as to the date the defendant filed his return, nor any evidence that, according to its records, no return was ever filed, nor any evidence that the return, if filed, was destroyed for some reason. Certainly, evidence of one or the other of these alternatives was available to the Government. Having thus failed to produce any such evidence raises a presumption that such evidence would not be favorable to its position. United States v. Roberson, 233 F.2d 517 (5th Cir. 1956)

11. The Court finds that the defendant filed his 1952 income tax return on or before March 15, 1953.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action under Title 28, United States Code, Sections 1340 and 1345, and under Section 7402(a) of the Internal Revenue Code of 1954.

2. The Internal Revenue Commissioner's determination of a deficiency is presumptively correct, and the taxpayer has the burden of showing it incorrect. Goldberg v. C.I.R., 239 F.2d 316 (5th Cir. 1956).

3. No evidence was produced by the defendant to rebut the presumption of correctness with regard to the withholding and FUTA assessments and, therefore, the defendant taxpayer has failed to sustain his burden with regard to those assessments as outlined in the Court's Findings of Fact numbers 3 and 5.

4. Defendant having filed his 1952 income tax return on or before March 15, 1953, the Government's own evidence then established that the income tax deficiency assessment for the year 1952, made on July 6, 1956, was barred by lapse of time. It then became the duty of the Government to sustain the burden of proving that the time within which the assessment could be made had been waived. United States v. Szerlip, 169 F.Supp. 529 (E.D.N.Y.1959) No evidence of waiver was adduced, and the Court concludes that the 1952 income tax assessment is invalid because it was not made timely.

5. The parties shall bear their own costs.

6. Counsel for the parties shall submit a final judgment in accordance with these findings within fifteen (15) days.