Marve A. DUBIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24184.

United States Court of Appeals
Fifth Circuit.

July 25, 1967.

Lawrence I. Hollander, Miami, Fla., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Chief Appellate Section, Harry Marselli, Burton Berkley, Robert I. Waxman, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., South-

ern Dist. of Fla., Miami, Fla., for appellee, Lloyd Bates, Jr., Asst. U. S. Atty., of counsel.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge:

Dubin appeals from a final judgment in the amount of $83,953.45 rendered against him for unpaid taxes and penalties pursuant to 26 U.S.C. §§ 7401 and 7403.[1] The tax liability accrued in the State of Ohio, returns were filed in Ohio, and assessments of deficiency were made in Ohio. Believing the appellant to be a resident of Ohio, the Government filed suit in the United States District Court for the Northern District of Ohio. The Ohio court was unable to obtain personal jurisdiction of appellant since he had recently moved to the Southern District of Florida.[2] The Government was faced with the bar of the statute of limitations if it commenced the action again. Accordingly, the Government moved to transfer the case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of Florida. This motion was granted, the case transferred, the appellant personally served, and the case tried in the Southern District of Florida.

Appellant appeared in the Southern District of Florida and moved to quash the service and to retransfer the case to the Northern District of Ohio. This motion was denied. The sole contention on this appeal is that transfer of the action from the Ohio District to the Florida District was in error. We affirm the action of the lower court.

The section under which the case was transferred [28 U.S.C. § 1406(a)] provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Venue for civil actions brought for the collection of taxes is provided for in 28 U.S.C. § 1396.[3] Dubin argues that since venue was proper in the Northern District of Ohio—as either the place where the return was filed or where liability accrued—transfer could not be made under § 1406.

This case is controlled by Goldlawr, Inc. v. Heiman, 369 U.S. 493, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Goldlawr was a private antitrust action for treble damages under the Sherman and Clayton Acts. Venue was improperly laid as to two corporate defendants because they could not be "found" in, nor were they doing business in, the original forum. Personal jurisdiction was obviously also lacking. The case was transferred from the Eastern District of Pennsylvania, pursuant to § 1406(a), to the New York District where the parties could be served—both venue and personal jurisdiction being dealt with in the same statute in antitrust actions. The New York court dismissed the action on the ground that, lacking personal jurisdiction over the defendants, the Pennsylvania court did not have the power to transfer under § 1406

---

1. See United States v. Dubin, 250 F.Supp. 197 (S.D.Fla.1966).

2. Personal jurisdiction over the person of the defendant is not a prerequisite to transfer under 28 U.S.C. § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Orion Shipping and Trading Co. v. United States, 247 F.2d 755 (9th Cir. 1957); Amerio Contact Plate Freezers, Inc. v. Knowles, 107 U.S.App.D.C. 81, 247 F.2d

590 (D.C.Cir. 1960); Hayes v. Livermont, 108 U.S.App.D.C. 43, 279 F.2d 818 (D.C.1960); Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955).

3. 28 U.S.C. § 1396: "Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed."

(a). The Supreme Court reversed, stating:

> "Section 1406(a), under which the Pennsylvania District Court transferred this case, provides:
>
> > " 'The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.' "

Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history—either that relied upon by the Court of Appeals or any other that has been brought to our attention. The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * business' in the Eastern District of Pennsylvania. The language and history of § 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.

"The Court of Appeals erred in upholding the District Court's order dismissing this action as to these two corporate defendants. The judgment of the Court of Appeals is accordingly reversed." [Footnotes omitted.]

■ Looking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] * * * an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

In denying the motion to quash service, the court below relied on the case of United States v. Berkowitz, 328 F.2d 358 (3rd Cir. 1964). That case is on all fours on the facts. The Third Circuit, however, relied on 28 U.S.C. § 1404(a) [4] as providing the proper basis of transfer, if any. To reach this result, the Third Circuit referred to the holding of *Goldlawr*—that jurisdiction over the person of a defendant is not a prerequisite to transfer under § 1406—to a § 1404 transfer. As the Third Circuit recognized, the propriety of a transfer under § 1404 is a question of fact. Thus, it should not, "in the interest of justice," be ascertained in ex parte proceedings. On the other hand, § 1406 operates when there exists an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought.[5] Section 1404 operates where there are two (or more) forums where a suit could be brought and where it could proceed—the classic example being the corporation doing business in a number of districts where both venue and personal jurisdiction would be present. Its purpose is to determine the *most convenient* forum from among two or more possibly correct ones. In substance, § 1404 is the statutory enactment of the doctrine of *forum non conveniens* tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there.

We now hold that a transfer is authorized under § 1406(a) to "any district or division in which it could have been brought" if the transferor forum finds that it is "in the interest of justice" to order it. Venue was properly laid in the Southern District of Florida as the district of the taxpayer's residence.[6] No error appearing in the lower court's denial of the motion to quash service and to retransfer the case to the Northern District of Ohio, this case is

Affirmed.

---

4. 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

5. Section 1406, as originally enacted, 62 Stat. 937, was mandatory and required transfer without any consideration of the reason why a case was filed in the wrong district. By act of May 24, 1949, c. 139, § 81, 63 Stat. 101, the section was amended to provide transfer in lieu of dismissal only "if it be in the interest of justice. * * *" In interpreting this section, *Goldlawr*, infra, emphasizes

the diligence of a plaintiff in filing suit to overcome the statute of limitations. It is obviously not "in the interest of justice" to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district. The purpose of the statute of limitations is not, therefore, frustrated by this statute. Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). For discussion of the 1949 amendment see Comment, Transfer in the Federal Courts in the Absence of Personal Jurisdiction, 61 Colum.L.Rev. 902 at notes, 5, 11 and 56 (1961).

6. 28 U.S.C. § 1396.