**MAYO CLINIC, Edward S. Judd and D. O. Ferris, Appellants,**

v.

**Edward KAISER, Appellee.**

**No. 18680.**

United States Court of Appeals
Eighth Circuit.

Oct. 12, 1967.

Henry Halladay, Minneapolis, Minn., for appellants; Curtis D. Forslund, Minneapolis, Minn., and Gregg Orwoll, Rochester, Minn., on the brief.

Walter J. Sebo, Canton, Ill., for appellee.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Edward Kaiser, a citizen of Illinois and appellee here, brought a medical malpractice suit in the United States District Court for the Southern District of Illinois against Mayo Clinic, an association of individuals, and three of Mayo's staff doctors, all citizens of Minnesota. Summons was issued on the day the complaint was filed and service attempted about ten days thereafter in Rochester, Minnesota. Mayo Clinic and its doctors moved to quash the service of process and to dismiss the complaint for lack of jurisdiction. Kaiser countered with a motion to transfer to the proper federal District Court in Minnesota. The Illinois District Court granted Mayo's motion to quash but also granted Kaiser's motion to transfer. Thereafter, sum-

mons was issued out of the Minnesota court and service had on Mayo Clinic and two of the doctors, but Dr. Fogle, the third doctor named in the complaint, was not served and is not an appellant here. After this Minnesota service of process, Mayo and the doctors moved for dismissal for lack of jurisdiction and on the additional ground that the action was barred by the Minnesota statute of limitations, Minn.Stat. § 541.07(1). The District Court in Minnesota dismissed the latter mentioned Mayo motion, holding in an exhaustive opinion reported at 260 F.Supp. 900 (1966) that the action was transferable either under 28 U.S.C.A. § 1404(a) or 28 U.S.C.A. § 1406(a), and further that the action was not barred by limitations. We affirm the District Court but confine our holding as to transferability to the authorization of § 1406 (a), as it is our view that the Supreme Court opinion in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962), controls.

The sole issues here are the propriety of the transfer of the case under the circumstances and the effect, if any, of the Minnesota statute of limitations, Minn. Stat. § 541.07(1).

28 U.S.C.A. § 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Appellants contend that venue is proper since Illinois is the district of Kaiser's residence and since 28 U.S.C.A. § 1391 (a) provides that a civil action founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all the plaintiffs and all the defendants reside, and as a consequence thereof § 1406(a) is inapplicable. As authority for their view, appellants cite First Nat'l Bank of Chicago v. United Air Lines, 190 F.2d 493 (7th Cir. 1951), cert. denied, 341 U.S. 903, 71 S.Ct. 612, 95 L.Ed. 1342 (1951), rev'd on other

grounds, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952), which held that § 1406 (a) applied only when the case had been filed in the wrong venue. The later Supreme Court case of Goldlawr, supra, teaches, however, that § 1406(a) should be construed wherever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits. Goldlawr was a private antitrust action under the Sherman and Clayton Antitrust Acts. There, venue was improperly laid under the applicable statute, 15 U.S.C.A. § 22, as the corporate defendants could not be found in, nor were they doing business in, the forum in which the suit was filed, and neither could service of process be had upon the defendants. This case was transferred from the Eastern District of Pennsylvania pursuant to § 1406(a) to the New York District where the parties could be served, but the District Court in New York dismissed the action on the ground that the Pennsylvania court did not have power to transfer since it had no personal jurisdiction over the parties. The Supreme Court in Goldlawr reversed, holding:

"Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history—either that relied upon by the Court of Appeals or any other that has been brought to our attention. The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action

under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * business' in the Eastern District of Pennsylvania. The language and history of § 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired." 369 U.S. at 465–467, 82 S.Ct. at 915.

Since the case at bar was submitted to this court, the Fifth Circuit has had occasion in Dubin v. United States, 380 F.2d 813 (5th Cir. 1967), to consider a similar case from a factual standpoint and concluded, as we do, that the issues were controlled by *Goldlawr*. *Dubin* was a suit brought by the United States for the collection of income taxes in the federal District Court for the Northern District of Ohio where the liability accrued and the return was filed. 28 U.S.C.A. § 1396 provides that such an action may be brought in the district where the liability for the tax accrues, in the district of the taxpayer's residence, or in the district where the return is filed, and, therefore, the suit was brought in a permissible forum under the venue statute, but at the time it was brought Dubin had moved to Florida and service could not be obtained on him in Ohio. Dubin contended, as appellants do here, that venue was proper under the statute and, therefore, the court was without authority to transfer the case to Florida under § 1406(a). The Fifth Circuit rejected this contention, following the teaching of *Goldlawr*, and stated:

"Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' We conclude that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to] * * * an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle." 380 F.2d at 813.

■ We also note in *Goldlawr* that the degree of impropriety in the selection of the forum is immaterial as the Supreme Court there stated "however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not," the language of § 1406 is broad enough to authorize the transfer. Certainly a party who has been totally wrong in selecting the forum would have no greater right of transfer under § 1406(a) than a party who has

selected a forum which is wrong only because service of process cannot be obtained. In either event, the case could not proceed to trial on its merits which leads us to the conclusion reached in *Dubin*, supra, that "§ 1406(a) operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."

### The Limitations Issue.

The instant suit was instituted prior to the running of the limitations in Illinois or Minnesota, both of which have two-year statutes. The two-year statute in Minnesota had expired, however, by the time the case was transferred to Minnesota and service of process obtained there. We hold, however, that the Illinois statute of limitations, 83 Ill.Ann. Stat. § 15, governs and it was effectively tolled when the action was commenced in Illinois.

The complaint was filed in Illinois approximately two months before the expiration of either the Illinois or Minnesota statute of limitations. Under the rule in this circuit, the federal courts must continue to look to state law to determine when an action is commenced. Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966). We have reached the conclusion that under the facts here the law of the transferor forum should govern and that the question of commencement of the action is, therefore, governed by the law of Illinois. In Illinois, an action is commenced by the filing of a complaint under the provisions of Ill.Civ.Practice Act, Ch. 110, § 13. There must, however, be reasonable diligence in obtaining service of process. Kohlhaas v. Morse, 36 Ill.App.2d 158, 183 N.E.2d 16 (1962). In the case at bar, summons was issued out of the Illinois court on January 24, 1966, the day the complaint was filed. The summons was delivered to appellants by the United States marshal on February 4, 1966, approximately ten days thereafter, although it was later quashed. After the case was transferred to Minnesota, service of process was effectuated on appellants within approximately

twenty days. Thus, the District Court held that Kaiser exercised reasonable diligence in obtaining service. Compare Color Technique, Inc. v. Don Wallace, Inc., 241 F.Supp. 952 (N.D.Ill.1965).

Also, in *Goldlawr*, supra, it was held that jurisdiction was not necessary to toll the statute of limitations. It has been stated before that the purpose for making transfers would be obliterated in many cases if the statute of limitations of the transferee forum were applied at the date of transfer, and that if such were the rule there would be little purpose in transferring the case instead of dismissing it.

We also note in *Dubin*, supra, that the statute of limitations had expired before the transfer was made and the court held that the statute was effectively tolled by the commencement of the action in the transferor state prior to the running of the statute. We likewise hold in the case at bar that the statute of limitations was tolled by the timely commencement of the action in Illinois.

The judgment of the District Court is affirmed.