John TAYLOR, Rosalie Taylor, Willie Mae Suggs, Virgil Suggs, and Emma Griffen, Plaintiffs-Appellees,

v.

James Ray LOVE, Defendant-Appellant.

No. 19049.

United States Court of Appeals
Sixth Circuit.

Sept. 23, 1969.

Jeannette A. Paskin, Detroit, Mich., Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., on brief, for appellant.

Dietrich & Shrauger, Detroit, Mich., for appellees.

Before: O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an interlocutory appeal from an order entered by District Judge Roth transferring a diversity case which had been filed in the Eastern District of Michigan to the appropriate United States District Court in Tennessee.

Plaintiffs are Michigan residents who claimed that they were injured as a result of defendant's negligence in an automobile accident which occurred in Tazewell, Tennessee. After the filing of this suit in Michigan, a District Judge in the United States District Court for the Eastern District of Michigan granted defendant's motion to quash service of process on him in Tennessee. But he also denied defendant's motion to dismiss and granted plaintiffs' motion to transfer. He relied in this regard upon Goldlawr,

Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), and Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967). The District Judge then certified that his order involved a controlling question of law and this court granted defendant's application for leave to appeal.

The controlling federal statute, 28 U.S.C. § 1406(a) (1964) reads as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The purpose of this amendment has been interpreted by the United States Supreme Court in Goldlawr, Inc. v. Heiman, *supra*.[1] Mr. Justice Black in the opinion for the Court held that lack of personal jurisdiction over a defendant did not deprive the court of jurisdiction so as to prevent transfer to the appropriate District Court under § 1406. The opinion said in part:

"Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history—either that relied upon by the Court of Appeals or any other that has been brought to our attention.

\*    \*    \*    \*    \*    \*

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few

---

1. The *Goldlawr* decision has been the subject of a number of Law Review case notes which bear upon our current con-
troversy: 61 Mich.L.Rev. 393 (1962); 32 Cin.L.Rev. 257 (1963); 1963 Duke L.J. 168 (1963).

years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–467 (1962), 82 S.Ct. 913, 915–916. (Footnotes omitted.)

■ It seems clear to us that *Goldlawr* completely disposes of appellant's first argument as to jurisdiction. The United States District Court in Michigan had jurisdiction of this complaint, although not of the person of defendant. It also had the power under § 1406(a) to transfer the complaint.

We recognize, of course, that the *Goldlawr* case did not deal with the same fact situation we face here. On the instant record, where the accident is alleged to have occurred in Tennessee and the Judge's opinion says that defendant had never lived in Michigan, we would have to assume that as appellant contends, this suit may well have been filed in the United States District Court in Michigan just to stop the running of the statute of limitations in Tennessee. But the language we have quoted from Mr.

Justice Black's opinion in *Goldlawr* seems to describe the congressional intent in adopting § 1406(a) as not excluding such a purpose. And this appears to be true, although venue in Michigan is "wrong" only because of lack of personal service on defendant.

Two Courts of Appeals have squarely held with the District Judge and the appellees on facts which in all important respects are identical. They are the Eighth Circuit in Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967), and the Fifth Circuit in Dubin v. United States, 380 F.2d 813 (5th Cir. 1967). In the *Dubin* case, the Fifth Circuit said:

"Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' We conclude that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to]  *  *  * an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle." Dubin v. United States, *supra* at 815.

Arguments in favor of the appellant's position are set forth effectively in the dissenting opinion of Mr. Justice Harlan in *Goldlawr* and in a United States District Court opinion, Skilling v. Funk Aircraft Co., 173 F.Supp 939 (W.D.Mo. 1959). The footnote on page 468 of 369 U.S. on page 916 of 82 S.Ct. the *Goldlawr* case is particularly noted. But, of course, it spoke only for two members of the Court.

The Supreme Court in *Goldlawr* held that congressional intent in adopting § 1406(a) included a recognition that "the interest of justice" may require the transfer of a complaint so that a plaintiff would not be penalized by "justice-defeating technicalities." Goldlawr, Inc. v. Heiman, *supra* 369 U.S. at 467, 82 S.Ct. 913.

Obviously, the District Judge in this case felt it was in "the interest of justice" to effect the transfer. We find no fact presented and no principle of law argued to us to convince us of any abuse of discretion on the part of the District Court.

The judgment of the District Court is affirmed.