**Kenneth S. GREY**

v.

**CONTINENTAL MARKETING ASSOCIATES, INC., Market Centers Corporation, Edmond H. Randall, Jr., C. Frederick Judd, Lloyd Hill, individually and jointly.**

**Civ. A. No. 13343.**

United States District Court,
N. D. Georgia,
Atlanta Division.
June 22, 1970.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for plaintiff.

Candler, Cox, McClain & Andrews, Atlanta, Ga., for Cont. Marketing Assc., Inc., and all defendants, for defendants.

## ORDER

EDENFIELD, District Judge.

This is a diversity action for damages for breach of an employment contract. The complaint as originally filed alleges that defendants entered into an agreement to employ plaintiff, that they wrongfully breached the contract, and that they owe plaintiff $200,000 under the contract and $500,000 for other damages. On April 27, 1970, plaintiff filed a motion for leave to amend the complaint to set forth an additional claim against the above-named individual defendants for wrongfully and maliciously inducing the corporate defendants to breach the employment contract in question. The $500,000 damages sought in the original complaint apparently was intended to apply to this claim which inadvertently was omitted from the complaint at that time. The motion for leave to amend will be granted.

The case is now before the court for consideration of motions by Defendants Randall, Judd, and Hill to dismiss and to quash service of process on the ground that since they are citizens of the State of Alabama, and since they were not parties to the employment agreement which is the subject matter of this suit, service of process on these individual defendants was not authorized by the Georgia Long-Arm Statute (Ga. Code Ann. § 24–113.1). Assuming without deciding that this argument has merit with regard to the contract claim, it clearly is inapplicable to the tort claim. The complaint alleges that these defendants wrongfully caused the corporate defendants to breach the employment contract with Plaintiff Grey, that the actual breach occurred in the State of Georgia, and that the injury sustained by plaintiff occurred in the State of Georgia where plaintiff resided, where plaintiff was employed by defendants, and where plaintiff received notice that the employment agreement was being terminated. Although the Georgia courts have not yet interpreted that portion of the long-arm statute which deals with "torts within the state," [1] under the prior decisions of this court jurisdiction may be obtained under the long-arm statute even for tortious acts outside the state if the injury produced by those acts occurred within the state. Hutson v. Sears, C.A. No. 12238, Mar. 30, 1970; Scott v. Crescent Tool Co., 296 F.Supp. 147 (N.D.Ga. 1968). The court therefore concludes that service upon these individuals was proper and the motions to dismiss and to quash service will be denied.

Also before the court are defendants' motions for change of venue and motions to vacate and set aside or modify notice to take depositions. In their motion for change of venue defendants have moved for transfer pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) permits transfer from one district in which

---

1. The one case in which the Court of Appeals has dealt with this question was reversed by the Georgia Supreme Court on other grounds and upon remand the Court of Appeals vacated the entire decision, so that the question is still open insofar as the state courts are concerned. O'Neal Steel, Inc. v. Smith, 120 Ga.App. 106, 169 S.E.2d 827, 225 Ga. 778, 171 S.E.2d 519 (1969), 121 Ga.App. 8, 172 S.E.2d 479 (1970).

venue is proper to any other district in which venue also is proper, if such transfer is reasonably necessary for the convenience of parties and witnesses; a motion under this section presupposes the existence of at least two districts in which venue properly may be laid. See, e. g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Lewis v. Hogwood, 112 U.S. App.D.C. 105, 300 F.2d 697 (1962); Blackwell v. Vance Trucking Co., D.C., 139 F.Supp. 103 (1956). Section 1406 (a), on the other hand, permits transfer rather than dismissal when the action is filed in a district in which venue is improper, if to do so is in the interests of justice; this section is used most frequently when the running of the statute of limitations would preclude the filing of a new suit in the proper district. See, e. g., Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L. Ed.2d 39 (1962).

■■■ In order to have the case transferred under § 1406(a) defendants must show (1) that venue in the Northern District of Georgia is improper, (2) that the case could have been brought in the Northern District of Alabama, and (3) that in the interests of justice the case should be transferred rather than dismissed. Defendants have not alleged anything to suggest that venue in the Northern District of Georgia is improper. In fact, the record clearly shows the contrary. The suit being one in which federal court jurisdiction is founded solely upon diversity of citizenship venue would be proper either in the judicial district in which all plaintiffs or all defendants reside or in the district in which the claim arose. 28 U.S.C. § 1391(a). Since the only plaintiff in this action resides in the Northern District of Georgia, it appears that venue in this district is not improper. However, the Fifth Circuit has held that venue is "wrong" within the meaning of § 1406 (a) whenever there exists any obstacle to an expeditious and orderly adjudication on the merits. Dubin v. United States, 380 F.2d 813 (5th Cir. 1967);

Accord, Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967). In Dubin, the government had filed a tax suit against the defendant in the district where he was believed to reside. Service of process was never accomplished, however, and it later developed that defendant was residing in another district. If the original suit had been dismissed rather than transferred, the statute of limitations would have barred filing of a new suit. The court therefore concluded that venue in the original district was wrong and that justice required that the case be transferred under § 1406(a). The instant case is clearly distinguishable from Dubin in that here the defendants are asserting that plaintiff's choice of forum should be disturbed rather than risk dismissal of individual defendants over whom this court allegedly cannot acquire jurisdiction, while in Dubin plaintiffs themselves sought a change of forum so that they could bring the action in a district where they could acquire personal jurisdiction. In Dubin it was the statute of limitations problem which necessitated transfer, not the mere fact that the court lacked personal jurisdiction over the defendant. And the transfer was made at the plaintiff's request and for his protection. Defendants in the instant case have not brought themselves within the Dubin rationale and transfer under § 1406(a) would not be proper.

■■■ The arguments which defendants have advanced in support of their motion for change of venue are directed primarily toward a motion under § 1404(a), viz., all defendants, both corporate and individual, are citizens of the State of Alabama and the action could have been brought in the Northern District of Alabama; all of the witnesses whose testimony will be material and necessary to defendants' case reside in the Northern District of Alabama; and all books and records of the corporate defendants are located in the Northern District of Alabama. Transfer under this section is warranted only if such transfer is both for the convenience of

parties and witnesses, *and* in the interest of justice. The court has broader discretion to transfer under the statute than it had under the old common law forum non conveniens doctrine, and it may grant transfer upon a lesser showing of inconvenience than was required under the doctrine.[2] In making its decision, however, it may take into account only the three factors provided by the statute, i. e., convenience of parties, convenience of witnesses, and interests of justice.[3]

The movant has the burden of making a strong case for transfer and if the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied.[4]

A review of the cases reveals a number of criteria which should be considered in determining whether the relevant factors require or permit transfer. Great weight should be given to (1) plaintiff's choice of forum, especially if the one he chose is in the district in which he resides;[5] (2) a showing that the witnesses who would be inconvenienced are key witnesses and their testimony cannot be effectively presented by depositions. (In order to show this the movant must list names and addresses of witnesses and the nature of their testimony, the necessity of their testimony to his case, and why he cannot properly present his case by using their depositions);[6] and (3) whether other actions invoking the same or substantially similar subject matter are pending in the transferee district.[7]

Criteria here relevant which are generally conceded to be entitled to consideration but not accorded great weight include: the parties' relative financial ability to undertake a trial in any particular forum;[8] relative congestion of the dockets in the respective districts so that an earlier trial would be obtained in one or the other districts;[9] whether the motion to transfer was timely; the advantage of having the case decided by a court sitting in the state whose substantive law governs the action;[10] and where the actions out of which the controversy arose occurred, especially if they did so in the state in which suit was filed.[11]

On the other hand these factors are entitled to little weight: alleged hardship unsupported by way of proof or affidavit;[12] domicile of corporate de-

2. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Ex parte Chas. Pfizer & Co., 225 F.2d 720 (5th Cir. 1955); A. C. Samford, Inc. v. United States, 226 F.Supp. 72 (M.D.Ga. 1963).

3. *E. g.*, Ex parte Chas. Pfizer & Co., *supra* n. 2; 2 A.L.R.Fed. 573, Change of Venue —Mode of Review, § 11 at 606.

4. *E. g.*, Ford Motor Co. v. Ryan, 182 F. 2d 329 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); McKinney v. Southern Pacific Co., 147 F.Supp. 954 (S.D.Tex.1957); 1 A.L.R. Fed., *supra* n. 1 at 42.

5. 1 A.L.R.Fed. at 66 and cases cited therein.

6. *Id.* at 34 and cases cited therein.

7. *Id.* at 75. *See also* Chas. Pfizer & Co. v. Olin Mathieson Chemical Corp., 131 F. Supp. 21 (N.D.Ga.1954), app. dismissed, 225 F.2d 718 (5th Cir. 1955); Pharma-Craft Corp. v. F. W. Woolworth Co., 144 F.Supp. 298 (M.D.Ga.), mandamus denied, Ex parte Pharma-Craft Corp., 236 F.2d 911 (5th Cir. 1956).

8. 1 A.L.R.Fed. at 71.

9. Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966).

10. *Id.*

11. 1 A.L.R.Fed. at 100.

12. 1 A.L.R.Fed. at 45; Hostetler v. Baltimore & O.R.R., 164 F.Supp. 72 (W.D.Pa. 1958).

fendants and their places of incorporation;[13] and convenience of counsel.[14]

 A review of the circumstances in the instant case reveals that each of the factors which must be given great weight operates in favor of retaining the case in this court, as do most of those which are entitled to lesser weight, and the court concludes that defendants have not sustained their burden of showing that the prerequisites to transfer under § 1404(a) are present in this case.

As to the motion to modify notice of taking depositions, it appears to the court that this motion is in effect a motion for a protective order under Rule 30(b) and it will be treated as such for purposes of this order.[15] Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.[16] *See* 4 Moore, Federal Practice, ¶ 30.07[1–3]. No such unusual circumstances appearing in the instant case, plaintiff will not be permitted to require defendants to come to this district to be deposed. Plaintiff may, of course, arrange to take depositions at a time when defendants will be in this state, if possible, but otherwise plaintiff must take any depositions he wishes at the defendants' residence or place of business.

In summary, plaintiff's motion for leave to amend the complaint is granted; the individual defendants' motions to dismiss and to quash service are de-

nied; defendants' motion for change of venue is denied; and defendants' motion to modify notice to take depositions is granted.

---

13. 1 A.L.R.Fed. at 69.

14. *Id.*

15. Rule 45(d) provides for place of deposing *witnesses* and is inapplicable to parties.

16. The above statement does not apply to *plaintiffs*, however, who selected the forum and may therefore be called upon to present themselves at that place for the taking of their depositions, despite any inconvenience this may cause to them.