**Bobbie D. TILLMAN and Author Tillman, Plaintiffs,**

v.

**Edward Anderson EATTOCK, III, Defendant.**

**Civ. No. 74–136–C6.**

United States District Court, D. Kansas.

Dec. 10, 1974.

G. Edmond Hayes, Atty., Wichita, Kan., for plaintiffs.

Richard D. Ewy, Foulston, Siefkin, Powers & Eberhard, Wichita, Kan., for defendant.

ORDER ON DEFENDANT'S MOTION TO DISMISS AND UPON PLAINTIFF'S MOTION TO TRANSFER

WESLEY E. BROWN, Chief Judge.

This is an action for damages for personal injuries arising out of an accident which occurred on July 14, 1973 near Vacaville, California. The plaintiffs are citizens of the State of Kansas; the defendant is a citizen and resident of Cupertino, California. The action was filed in this Court on July 8, 1974 and a Marshal's Return indicates that personal service was had on defendant in California on July 17, 1974.

Defendant moves to dismiss the action for improper venue and absence of jurisdiction over the defendant's person. Plaintiff has filed a cross motion for transfer of this action to an appropriate district in California, pursuant to 28 U.S.C.A. §§ 1404, 1406(a).

It is clear that venue in this Court is factually proper, inasmuch as a civil action may be brought in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). It is likewise clear that the "long arm statute" of the State of Kansas is not available to obtain jurisdiction over the person of defend-

ant, a citizen of California. It further appears that the State of California places a one-year statute of limitation upon commencement of personal injury actions, and that if the claim in this Court is dismissed, plaintiffs would be barred from pressing their claim in California.

Section 1406, 28 U.S.C., relating to "cure or waiver of defects" in venue, provides in pertinent part that:

"(a) The district court of a district in which is filed a case *laying venue in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." [Emphasis supplied.]

Plaintiff urges that "the interest of justice" requires that this action be transferred to California.

Personal jurisdiction over defendant's person is not a pre-requisite to transfer under 28 U.S.C. § 1406(a). Goldlawr, Inc. v. Heiman, (1962), 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39. In *Goldlawr,* the Court emphasized that the purpose of § 1406(a) is to prevent injustice and to encourage the resolution of controversies upon their merits: [369 U.S. at 466, 82 S.Ct. at 916, 8 L.Ed.2d at 42]

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, *however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.* The section is thus in accord with the general purpose which has prompted many of the procedural changes in the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." [Emphasis supplied.]

In Dubin v. United States, 380 F.2d 813 (5th Cir., 1967), the Fifth Circuit relied upon *Goldlawr* in ruling that a district was "wrong," within the meaning of § 1406 when plaintiff was unable to perfect service of process on defendant in an otherwise correct venue. In that action, the United States filed suit to collect taxes in the Northern District of Ohio, but was unable to obtain personal service on defendant since he had moved to Florida. The statute of limitations would have barred a new suit, so the government moved to transfer the case to the Southern District of Florida, transfer was granted, defendant was served with process, and judgment was rendered against him. Defendant appealed the denial of his motion to quash service and to re-transfer the case to Ohio, but the Fifth Circuit approved the transfer, ruling that § 1406 operates in cases "where the first forum chosen is improper in the sense that the litigation may not proceed there." [380 F.2d at 816]. In relying on *Goldlawr,* the Court stated [380 F.2d at 815]:

"Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' *We conclude that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle (to) \* \* \* \* an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle."* [Emphasis supplied.]

In Mayo Clinic v. Kaiser (8th Cir. 1967), 383 F.2d 653, the Eighth Circuit relied upon *Goldlawr* and *Dubin* in ruling that a medical malpractice case, filed in Illinois, and instituted before the statute of limitations had run in Illinois or Minnesota, was properly transferred to Minnesota after the Illinois court had granted Mayo Clinic's motion to quash service of process which was attempted outside the State of Illinois. The defendant Clinic and defendant doctors, citizens of Minnesota, were served with process after transfer, and after the statute of limitations had run on the malpractice action. In approving the

transfer and subsequent service of process, the Court observed 383 F.2d at 655, 656:

"We also note in *Goldlawr* that the degree of impropriety in the selection of the forum is immaterial as the Supreme Court there stated 'however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not,' the language of § 1406 is broad enough to authorize the transfer. Certainly a party who has been totally wrong in selecting the forum would have no greater right of transfer under § 1406(a) than a party who has selected a forum which is wrong only because service of process cannot be obtained. In either event, the case could not proceed to trial on its merits which leads us to the conclusion reached in *Dubin,* supra, that '§ 1406(a) operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there.'"

In Taylor v. Love (6th Cir. 1969), 415 F.2d 1118, cert. den., 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533, citizens of Michigan filed suit in the Eastern District of Michigan seeking damages from a citizen of Tennessee for injuries incurred in an auto accident which occurred in Tennessee. The Michigan court granted defendant's motion to quash purported service of process on him in Tennessee, but denied defendant's motion to dismiss the case, and transferred the action to the appropriate district in Tennessee. The transfer was affirmed on appeal, following the reasoning of *Dubin* and *Mayo Clinic,* even though it was assumed that the suit was filed in Michigan just to stop the running of the statute of limitations in Tennessee [415 F.2d at 1120]:

"But the language we have quoted from Mr. Justice Black's opinion in *Goldlawr* seems to describe the congressional intent in adopting § 1406 (a) as not excluding such a purpose. And this appears to be true, although venue in Michigan is 'wrong' only because of lack of personal service on defendant."

In Peterson v. U-Haul (8th Cir. 1969), 421 F.2d 837, plaintiff commenced an action in the District of Nebraska against a North Carolina corporation for death of a pedestrian struck by a trailer licensed to defendant, which was leased in California by a motorist traveling to South Dakota. The Nebraska District Court dismissed the suit upon defendant's motion made on the ground that it was not amenable to suit in Nebraska. On appeal, the Eighth Circuit ordered that the dismissal be modified so as to grant leave to plaintiff to file a proper motion under 28 U.S.C. § 1406(a) to transfer the action to a District Court in North Carolina where defendant could be served.

The Court has reviewed the opinion in *Goldlawr* and cases above cited which have broadly interpreted the provisions of § 1406(a) and determines that in this action venue is "wrong" in this district in the sense that litigation may not proceed because of absence of personal jurisdiction over the defendant. The Court further determines and concludes that the interest of justice requires that this action be transferred to an appropriate district court in California in order that the claim of plaintiffs may be determined upon its merits. Accordingly,

It is ordered that the defendant's Motion to Dismiss be, and it is hereby Overruled;

It is ordered that plaintiff's Motion to Transfer be, and it is hereby Sustained; and

It is further ordered that this action be transferred forthwith to the United States District Court for the Northern District of California, at San Francisco for all further proceedings.