**RECORD DATA INTERNATIONAL, INC., Plaintiff,**

v.

**RECORD DATA OF MICHIGAN, INC., and William J. Mullaly, Defendants.**

No. C87–1958.

United States District Court, N.D. Ohio, E.D.

Jan. 8, 1988.

Robert C. Seibel, Steven S. Kaufman, David P. Lodwick, Thomas L. Feher, Cleveland, Ohio, for plaintiff.

John J. Horrigan, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendants.

### ORDER

BATTISTI, Chief Judge.

Plaintiff, Record Data International, asserts three claims against a now former franchisee, Record Data of Michigan and agent William J. Mullaly. The parties are before this court pursuant to 28 U.S.C. § 1332, diversity of citizenship, since Plaintiff is an Ohio corporation and Defendants are citizens of Michigan. Defendants move this court to dismiss the instant action for want of personal jurisdiction or, alternatively, to transfer venue or, finally, to require Plaintiff to make more definite its complaint.

Defendants' motion for transfer is premier. First, it must be determined whether venue would be proper in the requested transferee forum. The Eastern District of Michigan, Southern Division is a "district or division where it [this matter] might

have been brought." 28 U.S.C. § 1404(a). This result is obtained because of diversity of citizenship between the parties and the fact that all Defendants are citizens of Michigan. 28 U.S.C. §§ 1332, 1391. Next, a determination is required concerning whether this action, in the sound discretion of the Court, should be transferred. Despite the importance of recognizing Plaintiff's choice of forum, Defendant has satisfactorily demonstrated that the convenience of both the parties and witnesses, particularly non-party witnesses, would be better served by transfer. Overall, this determination serves to assure justice. Accordingly, Defendant's motion to transfer is granted.

Defendant's arguments regarding lack of personal jurisdiction in the Northern District of Ohio are also appealing. This Court notes Plaintiff's interrogatories and attempts to counter the instant motion to dismiss with credible proof of Defendants' relations with the forum state which would make adjudication over Defendants proper. However, the Court does not need to reach this issue because Defendant's motion to transfer is granted. It is clear that a district court, for convenience and justice, may transfer a properly lodged action. 28 U.S.C. § 1404. The ability to transfer, however, does not rest on the transferor court's determination that it has a personal jurisdiction over a defendant. A transfer may be effectuated despite the fact that the court lacks personal jurisdiction, *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), even if venue is proper. *Smith v. Peters,* 482 F.2d 799 (6th Cir. 1973); *Corke v. Sameiet,* 572 F.2d 77 (2d Cir.1978).

Accordingly, Defendants' motion to transfer to the United States District Court for the Eastern District of Michigan, Southern Division is hereby granted. Defendants' other motions are not reached by this Court as either moot or more appropriately handled by the transferee forum.

IT IS SO ORDERED.