838 F.2d 470
 1988 A.M.C. 2072
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Flora CAMPBELL, Plaintiff-Appellant,
v.
PREMIER CRUISE LINES, LTD., INC., Defendant-Appellee.
 No. 86-1926.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1988.
 
 Before ENGEL, KRUPANSKY, and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action arises out of an alleged tort on a cruise ship in the Caribbean Sea. The ship's owner, a Florida corporation, was sued in a federal district court in Michigan, and was served with process in Florida by mail.
 
 
 2
 The defendant advertised its cruises in Michigan, but was not licensed to do business in that state, did not maintain an office or other place of business there, and had no agents or employees in Michigan. The plaintiff booked her passage on the ship through a travel agent in Florida.
 
 
 3
 The district court dismissed the case for lack of jurisdiction over the defendant's person. The court concluded that it had neither "limited personal jurisdiction" over the defendant under Mich.Comp.Laws Sec. 600.715, nor "general personal jurisdiction" under Mich.Comp.Laws Sec. 600.711. We agree that a court sitting in Michigan could not exercise personal jurisdiction over the defendant, on the facts presented here, and we shall affirm the dismissal.
 
 
 4
 * Plaintiff Flora Campbell, a citizen of Michigan, became aware of the existence of the defendant, Premier Cruise Lines, through advertisements in the Detroit Free Press. She also heard about the defendant's cruises from a friend who had taken one. After obtaining further information and literature about the cruises through travel agents in Michigan, Ms. Campbell went to Florida with the intent of purchasing a cruise ticket there. Through a travel agency located in Zephyrillis, Florida, she bought a ticket for a Caribbean cruise on a Premier ship called the S.S. Royale.
 
 
 5
 Ms. Campbell boarded the vessel in Florida. Two days later, during the course of the cruise, she suffered a fall while stepping through a doorway. Her complaint says that "a heavy metal spring door recoiled sharply as the ship lurched, causing the Plaintiff to fall on her side." She attributes her fall and resultant injuries to negligence on the part of defendant Premier.
 
 
 6
 Ms. campbell filed her complaint in the United States District Court for the Eastern DIstrict of Michigan on March 31, 1986. The court's docket sheet does not reflect any entry of appearance by defendant Premier until June 12, 1986. On that date Premier moved for dismissal on the ground that the court lacked jurisdiction over its person.
 
 
 7
 In granting the motion to dismiss, the district court noted that Mich.Comp.Laws Sec. 600.711(3) authorizes courts of record sitting in Michigan to exercise general personal jurisdiction over foreign corporations on the basis of the corporation's "carrying on ... a continuous and systematic part of its general business within the state." The court also referred to Mich.Comp.Laws Sec. 600.715, which provides for the exercise of limited jurisdiction over a foreign corporation and the rendition against such a corporation of personal judgments "arising out of the act or acts which create any of the following relationships:
 
 
 8
 (1) The transaction of any business within the state.
 
 
 9
 (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
 
 
 10
 (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
 
 
 11
 (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
 
 
 12
 (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant."
 
 
 13
 Because the defendant's alleged tortious misconduct was said to have occurred outside Michigan and to have caused injury to the plaintiff outside Michigan, the district court thought it clear "beyond peradventure" that the requirements of Mich.Comp.Laws Sec. 600.715 had not been satisfied. As to whether the defendant had been shown to be carrying on "a continuous and systematic part of its general business" within Michigan, thereby exposing itself to suit there under Mich.Comp.Laws Sec. 600.711(3), the court expressed itself as follows:
 
 
 14
 "The Court finds that Plaintiff has failed to assert any facts that constitute the sufficient minimum contacts necessary to confer the fair and reasonable jurisdiction of the Court over Defendant. It would be repugnant to the concepts of reasonableness and due process to hold that a Michigan resident can compel a corporation based in Florida, which virtually has no contact with Michigan, to defend a negligence action in Michigan as a consequence of a personal injury that occurred on a cruise vessel in another country."
 
 
 15
 Noting that other courts have held that "the mere solicitation of business within a State by a foreign corporation is insufficient to permit a Court to conclude that the corporation engages in business in the foreign State," the district court went on to observe that:
 
 
 16
 "Plaintiff elected to purchase a ticket in Florida for a voyage that departed from Miami, Florida, and travelled through the Caribbean Islands. Her decision to take the excursion was a volitional one; therefore, she should be required to seek redress for the alleged personal injury in a state or Federal Court in Florida."
 
 
 17
 A motion to vacate the district court's order of dismissal was subsequently denied, and this appeal followed.
 
 II
 
 18
 In order to exercise in personam jurisdiction over a foreign defendant, a court must find both that the defendant has at least "minimum contacts" with the forum state and that exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Milliken v. Meyer, 311 U.S. 457, 463 (1940); International Shoe Co. v. Washington, 326 U.S. 310 (1945). If either requirement is not satisfied, the exercise of personal jurisdiction is prohibited by due process considerations. Asahi Metal Industry Co. v. Superior Court of California, Solano County, 480 U.S. ---, 94 L.Ed.2d 92 (1987). Neither is satisfied here.
 
 
 19
 That the defendant placed advertisements in a Michigan newspaper and sent promotional literature to travel agents in that state does not suggest to us that the defendant thereby invoked the benefits and protections of Michigan laws and laid itself open to suit in Michigan on a claim that cannot reasonably be said to have arisen out of any act done in that state. Ms. Campbell's claim arises out of Premier's alleged negligence in the Caribbean, not out of Premier's placement of advertisements in Michigan. The defendant's contacts with Michigan are simply too minimal to pass muster; Premier had no real presence in Michigan, and we think it would offend traditional notions of fair play and substantial justice to let it be haled into court there.
 
 
 20
 Mere foreseeability that a state's citizens might be affected in some way by what the defendant does outside the state is not sufficient to justify the exercise jurisdiction by the state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 296 (1980). Cf. Witbeck v. Bill Cody's Ranch Inn, 428 Mich. 659, 411 N.W.2d 439 (1987); Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984).
 
 
 21
 The focus of "limited personal jurisdiction," or "specific jurisdiction," as it is sometimes called, is on "the relationship among the defendant, the forum and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Cr. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 n. 8 (1984). In analyzing this relationship in World-Wide Volkswagen, the Supreme Court indicated that a defendant's efforts to serve a market for its products in another state might subject the defendant to suit in that state if the defendant's alleged breach of a legal duty were the source of injury "there." 444 U.S. at 297. See also Keeton, supra, 465 U.S. at 776. ("[P]etitioner was suing, at least in part, for damages suffered in [the forum state].") Examining the relationship from a different perspective in Asahi Metal Industry, the Court commented that advertising in a forum state could be sufficient to sustain jurisdiction if a product was actually sold in the forum state. 94 L.Ed.2d at 104; cf. McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957) (insurance contract delivered in the state). In our case, both the sale and injury occurred outside the forum state.
 
 
 22
 If the plaintiff's specific cause of action is not one "arising out of" an in-state act of the sort that can subject a foreign corporation to suit in Michigan under Mich.Comp.Laws Sec. 600.715, a court sitting in Michigan may force the corporation to defend itself there only if "a continuous and systematic part of its general business" is carried on in Michigan. Mich.Comp.Laws Sec. 600.711. Premier's promotional activities in Michigan do not appear to meet that statutory test, nor do they constitute the sort of ties to Michigan that would, by themselves, allow Michigan to exercise general jurisdiction over the corporation without running afoul of the Due Process Clause of the Fourteenth Amendment. Helicopteros Nacionales, supra, 466 U.S. at 414-416; Cf. Asahi Metal Industry, supra, 94 L.Ed.2d at 110-111 (Stevens, J. concurring) ("high quantum of conduct" needed).
 
 
 23
 The issue of personal jurisdiction over a nonresident defendant must be decided on the facts of each individual case. On the facts of the case at bar, we are satisfied that the district court decided the issue correctly.
 
 III
 
 24
 Section 1406(a) of Title 28 of the United States Code provides as follows:
 
 
 25
 "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
 
 
 26
 Plaintiff Campbell has asked us to transfer this case to the appropriate district court in Florida, pursuant to Sec. 1406(a), if we find that the district court in Michigan has no jurisdiction. Ms. Campbell says that if she were to file a new lawsuit in Florida now, it would be barred by the statute of limitations.
 
 
 27
 In Goldlawr v. Heiman, 369 U.S. 463 (1962), the Supreme Court held that a district court could transfer a case under 28 U.S.C. Sec. 1406(a) even though the court did not have personal jurisdiction over the defendant, where a statute of limitations would have barred a new action filed in the appropriate district. Whether such a transfer would be in the interest of justice in the case at bar is a question best addressed, in the first instance, by the district court--which is what the statute clearly contemplates. Cf. Center for Nuclear Responsibility v. United States Nuclear Regulatory Commission, 781 F.2d 935, 944 n. 2 (D.C.Cir.1986) (Ginsburg, J. dissenting). We intimate no view on what course the district court ought to follow if Ms. Campbell should move to amend the order of dismissal to provide for such a transfer.
 
 
 28
 AFFIRMED.