Albert E. POWELL, Plaintiff,

v.

SEALECTRO, INC., Defendant.

Civ. A. No. 8803.

United States District Court
D. Connecticut.

May 24, 1962.

Francis J. McNamara, Jr., David Albert, Cummings & Lockwood, Stamford, Conn., for plaintiff.

John D. Fassett, Wiggin & Dana, New Haven, Conn., for defendant.

CLARIE, District Judge.

The defendant corporation has moved to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. because the defendant was not subject to the jurisdiction of this Court. In considering this motion, the Court has reviewed the depositions of the defendant's corporate president and its sales representative in Connecticut, the affidavit of the former, and the answer to interrogatories filed by the defendant.

Sealectro is a corporation incorporated under the laws of the State of New York and maintains its principal office and place of business in Mamaroneck, New York. Its business is the manufacture, design, research and development of electronic components. The corporation maintains no office or warehouse in Connecticut. It owns no property (real or

personal), has no telephone listing, and maintains no employees here; nor is it registered to do business in Connecticut as a foreign corporation under a certificate of authority issued by the Secretary of State. It does solicit in this state the sale of its products through an independent manufacturer's representative. This latter entity is a Connecticut Corporation, having its principal office within the State, and at the time in question represented eleven other manufacturers in addition to the defendant, in selling related manufactured products. It has had, among other items, the exclusive sales territory for Sealectro in the six New England States, from 1956 to the present. This arrangement provided that the factory representative would receive an agreed commission on the dollar value of all shipments into the designated territory. As a part of the sales endeavor, the representative did confer with the research and development sections of potential customers in an attempt to get its products designed into the end product of manufacture produced by the prospective customer company.

All expenses of the officers and employees of Sales Engineering Company, including travel, advertising, and entertaining were its own responsibility; and except for the agreed commission, there was no other monetary arrangement between the defendant and its sales representative, nor were its activities controlled by them.

During the past five or six years, at the request of the Sales Company, Sealectro sent two of its New York home office employees into Connecticut, approximately three to six times in each year on missions loosely described as field engineering. Generally, the duties of such an employee were to sell the product; the information furnished in such instances was special engineering knowledge which would demonstrate the adaptability of Sealectro's items into the customer's end product of manufacture.

Defendant's employees approached no customers in this state on their own initiative, but had on several occasions visited prospective purchasers with and at the request of their manufacturer's sales representative to supplement its sales promotion. Ordinarily, orders were sent direct to the factory, delivered by parcel post and payment made directly to the New York office.

The defendant corporation's gross annual sales in Connecticut were approximately $17,700.00; less than one (1) per cent of its total sales. Its annual purchases in this state approximated $43,500.00; less than two (2) per cent of its annual purchases. All of these purchases were made from the New York office for delivery there.

The present action alleges proper diversity of citizenship to establish venue; the plaintiff is presently a resident of Connecticut; the defendant is a New York corporation with its principal place of business in New York State, and the amount in controversy exceeds $10,000.00.

The plaintiff has brought this action for damages alleging a breach of contract for the payment of royalties on an item of manufacture, an accounting for amounts alleged to be due, and a declaratory judgment as to the amount of future payments after final judgment. The purported contract, which is the subject matter in controversy, was originally entered into in the State of New York in 1952, at a time when the plaintiff resided there. It was understood that the contract was to be performed in New York State and would be interpreted under its law. The manufacture of the product, the bookkeeping account records for the control of royalties were in New York, and the final approval of prices on items of quantity other than as stated in its catalogue were all subject to final approval in the New York offices. This cause of action did not arise out of any sale of the product in Connecticut or because of any tort related to the product.

The alleged service of process on the defendant corporation was made by an official specially appointed by the Court for the purpose of serving Larry Willis at his home in Wilton, Connecticut; at the time, he was the Vice-President in

charge of production of the defendant, Sealectro, Inc. Other than his residence across the line in Connecticut, he transacted no business in this state, except from the defendant's New York office.

"* * * the mere fact that an officer of a corporation may temporarily be in the State or even permanently reside therein, if not there for the purpose of transacting business for the corporation or vested with authority by the corporation to transact business in such State, affords no basis for acquiring jurisdiction or escaping the denial of due process under the Fourteenth Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances." Riverside and Dan River Cotton Mills v. Menefee, 237 U.S. 189, 195, 35 S.Ct. 579, 59 L.Ed. 910 (1915).

Both parties are in agreement that the formalities of service of process were complied with; and the defendant concedes that had Willis been similarly served in New York State and the forum designated there, jurisdiction would be admitted, however, such is not the case.

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C.A. § 1391 (c).

The defendant corporation was neither incorporated in Connecticut, nor licensed to do business here; thus, it remains for the Court to determine whether or not its activities within the state were sufficient to subject it to the jurisdiction of this Court for the purposes of this litigation.

■ "(T)he question whether a foreign corporation is *present* in a district to permit of service of process upon it is one of federal law governing the procedure of the United States courts and is to be determined accordingly." Jaftex

Corporation v. Randolph Mills, Inc., 282 F.2d 508, 516 (2 Cir. 1960).

■ A corporation must be *present*, that is doing business within the district in order to be subject to suit therein. 2 Moore, Federal Practice § 4.25, at 969 (2d Ed. 1961).

"It is difficult * * * to impute the idea of locality to a corporation, except by virtue of those acts which realize its purposes. * * * If we are to attribute locality to it at all, it must be equally present wherever any part of its work goes on, as much in the little as in the great. * * * There must be some continuous dealings in the state of the forum; enough to demand a trial away from its home." Hutchinson v. Chase & Gilbert, Inc., 45 F.2d 139 (2 Cir. 1930).

■ Under the circumstances of this case, the defendant corporation would not have been amenable to legal process in the state courts of Connecticut because of the factual aspects hereinbefore enumerated. See, C.G.S.A. §§ 52–59a, 33–411.

■ "It seems to be agreed that solicitation of business alone is not enough to constitute presence in the state. * * * Yet comparatively little more is required where the business is substantial and continuous." Jaftex Corporation v. Randolph Mills, Inc., 282 F.2d supra at 510.

"* * * (T)he terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process. * * * Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection.

" 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, *but also give rise to the liabilities sued on*, even though no consent to be sued or authorization to an agent to accept service or process has been given." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In the present instance, the contract which is the subject matter of this suit, did not arise out of any business activities of the defendant corporation in Connecticut. On the contrary, all of the relations of the parties incident to the claim arose in the State of New York. Were it not for the mere happenstance that an officer of the defendant lived across the state line in Connecticut, the action in all probability would not be presently pending in this district.

The Federal limitation as formulated by the Supreme Court permits in personam jurisdiction to be obtained over a foreign corporation provided that it has certain minimum contacts with the State of the forum, so that the maintenance of the suit there will not offend traditional motions of fair play and substantial justice. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

Other than the solicitation of business in this state, the defendant corporation did nothing, except to provide special engineering technical advice to prospective customers, at the request of its independent sales agent. This sporadic activity merely supplemented its sales solicitation effort and was incidental to it. It was not a continuous activity of servicing its product by the defendant's employees and agents. This did not constitute the additional minimal requisite, which the courts have required over and beyond sales solicitation.

The plaintiff's remedy is not excluded from the federal forum; it is only a question of his selecting the proper forum where jurisdiction will lie. In this instance the proper judicial district would appear to be the Southern District of New York.

While the technical requisites of venue have been complied with, inasmuch as the only plaintiff in this action is presently a resident of the Judicial District of Connecticut, under the doctrine of forum non conveniens, proper venue in justice to the parties, should be the Southern District of New York. The contract was made there, its interpretation will be in accordance with New York law, the records and witnesses would primarily appear to be from there.

" * * * (T)his case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporation(s) could be 'found' or that they 'transact * * * business' in the * * * District * *. The language and history of § 1406 (a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing this case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc., v. Heiman, 82 S.Ct. 913 reversing 288 F.2d 579, (2d Cir. 1961).

It is the finding of this Court that it does not have personal jurisdiction over the defendant corporation in this action.

Since this case might well be within the purview of the doctrine advanced by the Supreme Court in Goldlawr, Inc. v. Heiman, supra, dismissal of this action shall be suspended for twenty (20) days. Unless the plaintiff shall file a motion within twenty (20) days from the date of

the filing of this memorandum, that this action be transferred to the Southern District of New York, or the parties shall stipulate to accomplish said transfer within said period, then this action shall be dismissed.