**Jesse PUGH, Plaintiff,**

v.

**Donald KLINGER, F.B.I. Agent of the Eastern District of Pennsylvania, Chairman of Pennsylvania Board of Probation and Parole, Harrisburgh, Penn., et al., Defendants.**

**No. 71 Civ. 313.**

United States District Court,
S. D. New York.

Nov. 16, 1971.

Jesse Pugh, pro se.

Whitney North Seymour, Jr., U. S. Atty., Southern District of New York; by Dennis J. Helms, Asst. U. S. Atty., New York City, for defendants Klinger and Gross.

J. Shane Creamer, Atty. Gen. of Pennsylvania; by Peter W. Brown, Deputy Atty. Gen., Harrisburgh, Pa., for defendants Paul J. Gernert, Chairman, Penn. Board of Parole, and James Wright, Penn. Parole Agent.

MOTLEY, District Judge.

Memorandum Opinion and Order on
Motions to Dismiss and Order
Transferring Case

On January 22, 1971 plaintiff filed in this court a "scattergun"[1] civil rights complaint alleging that two federal officials (Donald Klinger, an FBI agent of the Eastern District of Pennsylvania, and John Gross, an Assistant United States Attorney, Southern District, New York) and two state officials (Paul J. Gernert, Chairman of the Pennsylvania Board of Parole and James Wright, a Pennsylvania Parole Board Agent) had violated his civil rights in numerous ways.

Briefly summarized, the complaint alleges that Donald Klinger "abducted" plaintiff from a sidewalk in Philadelphia without a warrant and without probable cause in the early part of June 1968 at about 11:30 A. M. Plaintiff was allegedly then taken to a room in the FBI of-

1. Willingham v. Morgan, 395 U.S. 402, 408, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

fice building in Philadelphia, interrogated at length, and then held incommunicado for nine hours. He was then released with an alleged threat from Klinger that he (Klinger) would see that plaintiff's state parole was revoked. Thereafter, in August, Klinger allegedly searched plaintiff's room and other parts of his mother's house wherein he was dwelling without a warrant. In early September 1968, plaintiff alleges he received a subpoena to appear in New York City at this Courthouse. Plaintiff and his attorney appeared on September 9, 1968 at which time plaintiff was questioned by the United States Attorney. Thereafter, on September 13, 1968, plaintiff was arrested at his mother's house by Klinger. Plaintiff then alleges that he was not immediately taken before a Commissioner but was instead first questioned by Klinger and his aides. Plaintiff was thereafter taken before a United States Commissioner before whom plaintiff's attorney appeared. Plaintiff was then held in $50,000 bail "for the New York authorities." The complaint then alleges that Donald Klinger and James Wright "conspired" to have a parole detainer lodged against plaintiff although there had been no complaint for violation of parole. Thereafter, on September 16, 1968, plaintiff was taken before the United States Commissioner for this District in this Courthouse and allegedly without counsel and without a copy of the complaint was informed of charges against him by the Commissioner who then set bail at $15,000. He was then held at the Federal House of Detention here allegedly pursuant to the Pennsylvania parole detainer. The complaint then alleges that on November 12, 1968, after 60 days of incarceration, plaintiff was taken to court and "released to New York police detectives" who then took him before an unknown judicial officer, all without representation by counsel. The next day he was returned to Philadelphia by two Pennsylvania parole officers and committed to the Holmesburg County Prison. After allegedly spending 49 days in said prison without a hearing, plaintiff was removed to Eastern States Prison in Pennsylvania. He was then informed for the first time that defendant James Wright had charged him with violation of his parole. Plaintiff alleges that Wright's report against him was false, that an unrecorded hearing was held on his plea of not guilty and without counsel before defendant Paul J. Gernert on his parole violation charges, and that he was found guilty and given a sentence of twenty months. Plaintiff alleges that defendant Gernert failed to advise him of his right to counsel. On May 3, 1970, plaintiff was removed from the Pennsylvania prison to New York by federal marshals. On May 5, 1970, plaintiff alleges he was taken before a grand jury and forced by defendant John Gross to state that he was willing to answer questions before the grand jury without being advised by counsel. He was then returned to the Pennsylvania prison on May 13, 1970. He was brought back to New York on June 11, 1970 where, he alleges, he was informed by a Judge of this Court of his indictment for bank robbery. He was returned to Pennsylvania on June 22, 1970. Subsequently, on October 15, 1970 (after an intervening trip to New York), plaintiff was assigned counsel. Plaintiff then alleges that because of so many trips to New York, he was given an additional twelve months by the Pennsylvania Parole Board which he is presently serving.

Plaintiff was acquitted by a jury of the bank robbery charges against him in this Court on March 31, 1971 and returned to the Pennsylvania prison where he apparently is at the present time.

Defendants Gross and Klinger have moved to dismiss the complaint against them on the ground that it fails to state a claim against them upon which relief could be granted, citing Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Willingham v. Morgan, 395 U.S. 402, 404, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969) and other cases.

The complaint shows on its face that all of Gross' dealings with plaintiff were in his official capacity. Gross supported his motion by an affidavit in which he alleges that at all times during the proceedings against Pugh and in all of his dealings with Pugh he acted lawfully and in a respectful manner. Gross has also filed an affidavit from his superior, the United States Attorney for this District, alleging that Gross was authorized by him to handle the plaintiff's criminal case in this Court and that at all times Gross acted in an official capacity. Gross' affidavit also alleges that when Pugh appeared before the grand jury he was fully advised of all his constitutional rights and after being so advised testified voluntarily. Thereafter, Gross alleges, when Pugh was brought over on June 16, 1970 from Pennsylvania to plead to the indictment, Pugh asked for an adjournment which the court granted. Again on July 21, 1970, July 22, 1970, and October 1, 1970 when Pugh was brought over for pleading he asked for an adjournment each time. Finally, on October 15, 1970 the court entered a not guilty plea on Pugh's behalf.

Pugh has filed an answering affidavit in which he does not deny that he was fully advised of his constitutional rights before testifying before the grand jury, that he thereafter testified voluntarily, and that he sought and secured adjournments with respect to his plea as alleged by Mr. Gross.

■ Therefore, treating defendant Gross' motion as one for summary judgment, Rule 12(b), Fed.R.Civ.P., the motion is granted dismissing the complaint, there being no genuine issue as to any material fact. The facts plainly show that defendant Gross was at all times acting in his official capacity and did not, as a matter of fact, engage in any unlawful conduct while so engaged.

■ The remaining defendants all reside in Pennsylvania. The two state officials have moved to dismiss this action as to them on the ground that this court is without personal jurisdiction over them. Rules 4(f) and 12(b) (2) Fed.R.Civ.P. In any event, the proper venue of this action appears to be the Eastern District of Pennsylvania where all remaining defendants apparently reside. 28 U.S.C. § 1391. Therefore, pursuant to the provisions of 28 U.S.C. § 1406(a) the court orders this case transferred to the United States District Court for the Eastern District of Pennsylvania in the interest of justice. Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). The court, therefore, need not decide the motions made by the remaining defendants. The Pro Se Clerk is directed to furnish plaintiff with a copy of this decision and order.

So ordered.