**Lewis E. MELAHN, Receiver for Transit Casualty Company**

v.

**DIMENSIONAL OILFIELD SERVICES, INC.**

**Civ. A. No. 90–203–B.**

United States District Court, M.D. Louisiana.

Aug. 8, 1990.

William C. Rowe, Jr., Seale, Smith, Zuber & Barnette, Baton Rouge, La., for Lewis E. Melahn, as Receiver for Transit Cas. Co.

Donald V. Organ, New Orleans, La., for Dimensional Oilfield Services, Inc.

RULING ON DEFENDANT'S MOTION TO DISMISS, OR TO TRANSFER

POLOZOLA, District Judge.

This matter is before the Court on a motion to dismiss for lack of venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer this suit to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1406(a). Defendant contends that venue in the Middle District is not proper because the defendant lacks the minimum contacts necessary to subject it to personal jurisdiction here or, in the alternative, that the defendant has its most significant contacts with the Eastern District.

Transit Casualty Company (Transit) is a foreign insurer,[1] Dimensional Oilfield Services, Inc. (Dimensional) is a Louisiana corporation with offices in New Orleans and Houma, Louisiana. In December of 1983, Transit issued policies to Dimensional covering general liability and worker's compensation risks, with the annual premiums subject to adjustment after periodic audits of the insured's records and business practices. Following one such audit, Transit presented Dimensional with a request for $96,417 in additional premiums. When Dimensional refused to pay this premium, Transit instituted this action.

1. Neither party has specified where Transit is incorporated or has its principal place of business.

The Court has subject matter jurisdiction in this case based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). The direct action provision set forth in 28 U.S.C. § 1332(c) does not affect the Court's subject matter jurisdiction in this case because this is an action by, not against, an insurer. *Northbrook Nat'l Ins. Co. v. Brewer,* — U.S. —, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989).

Under 28 U.S.C. § 1391(a), venue in a diversity action is proper where all of the plaintiffs or all of the defendants reside, or where the claim arose. Proper venue when a corporate defendant is involved is set forth in 28 U.S.C. § 1391(c) which was amended in 1988 to read as follows:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district in that State, ... [a] corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if. there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.[2]

■ After reviewing the facts and the relevant statutes involved, the Court finds that the Middle District of Louisiana is not the proper venue in this case. Neither party resides in the Middle District nor did the claim arise in this district. Under section 1391, the defendant cannot be deemed a resident of this district because its most significant contacts are with the Eastern District of Louisiana.[3]

The Court need not determine whether the defendant had the requisite minimum contacts with the Middle District to subject it to this Court's personal jurisdiction.[4]

Assuming the defendant is subject to personal jurisdiction of the Middle District of Louisiana, it is clear that the "most significant contacts" are in the Eastern District, where defendant also resides, and where the claim arose.

■ Even though proper venue is lacking, the Court may transfer the case to any district in which it could have been brought, pursuant to 28 U.S.C. § 1406(a). *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). This Court finds that it is in the interest of justice to transfer the case to the Eastern District of Louisiana where the suit could have been brought and where venue is proper. Although not an issue before the Court, the Court also finds that the Eastern District of Louisiana is the most convenient forum to try this case.

Therefore:

IT IS ORDERED that defendant's motion to dismiss for lack of venue is GRANTED to the extent that the Court finds the Middle District of Louisiana is not the proper venue in this case. Instead of dismissing this case, the Court GRANTS defendant's alternative motion to transfer this suit to the Eastern District of Louisiana.

---

2. For the legislative history on how § 1391(c) should be applied to a corporate defendant in a multidistrict state, *see* House Judiciary Comm., Judicial Improvements and Access to Justice Act, H.R.Rep. No. 100–889, 100th Cong., 2d Sess. 71, reprinted in 1988 U.S.Code Cong. & Admin. News 5982, 6031.

3. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

4. *See supra* note 3.