974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Asa M. SUN and Abraham D. Sun, Plaintiffs/Appellants,
v.
Bud ASHER and Diana Jacobs, Defendants/Appellees.
 No. 91-2646.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 20, 1992.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 91-C-251, John W. Reynolds, Senior District Judge.
 CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Abraham Sun, acting on behalf of his minor daughter, sued the appellees to recoup losses from a business deal. The district court dismissed for lack of personal jurisdiction, and we affirm for the reasons stated in the attached district court order.
 
 
 2
 Despite our agreement with the district court, we decline to award sanctions under Fed.R.Civ.P. 38. Rule 38 sanctions are awarded if (1) the appeal is frivolous and (2) sanctions are warranted. A-Abart Elec. Supply Inc. v. Emerson Elec. Co., 956 F.2d 1339 (7th Cir.1992). A pro se appeal is frivolous if the "result is foreordained by the lack of substance to the appellant's arguments," Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989), and a reasonable lay person should have realized that the case was hopeless. Bacon v. American Federation of State, 795 F.2d 33, 35 (7th Cir.1986). Sanctions are appropriate unless special circumstances warrant withholding sanctions. Colosi v. Electri-Flex Co., No. 91-3795, slip. op. at 7 (7th Cir.1992).
 
 
 3
 Suns' case is neither completely frivolous nor appropriate for sanctions. Sun realized that he needed to show contact with Wisconsin to establish personal jurisdiction, and he attempted to do so by discussing letters sent to him while he was in the state. (Appellant's Brief at 12). Although these letters do not rise to the level of purposeful availment, see Burger King Corp. v. Rudewicz, 471 U.S. 462, 474 (1985), they provide some arguable basis for appeal, especially for a pro-se litigant with limited comprehension of written English. We, however, forewarn Sun that some future court may award sanctions if he persists in the Eastern District of Wisconsin.
 
 
 4
 SANCTIONS DENIED, JUDGMENT AFFIRMED.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
 
 OF WISCONSIN
 
 6
 Asa Mae Sun, Abraham David Sun (guardian), Plaintiff,
 
 
 7
 v.
 
 
 8
 Bud Asher and Diana Jacobs a/k/a Diana Schonfeld, Defendants.
 
 Civil Action No. 91-C-251
 
 9
 July 5, 1991.
 
 DECISION AND ORDER
 FACTS
 
 10
 On March 15, 1991, pro se plaintiff Abraham D. Sun ("Sun") commenced an action as a guardian for his daughter Asa M. Sun against defendants Bud Asher ("Asher") and Diana Jacobs a/k/a Diana Schonfeld. Sun's claim against Asher and Diana Schonfeld arises out of the identical facts and circumstances as an action Sun brought in this court on April 13, 1989, against Ted and Dorothy Schonfeld ("the Schonfelds"), Diana Schonfeld's parents. See Sun v. Schonfeld, No. 89-C-421 (E.D.Wis. Oct. 29, 1990). Sun claims that the Schonfelds fraudulently obtained from him $100,000 in stocks owned by his daughter. On October 29, 1990, this court dismissed without prejudice Sun's complaint against the Schonfelds because it concluded that it did not have personal jurisdiction over them. Id.
 
 
 11
 On April 26, 1991, Asher moved this court to dismiss Sun's claim against him because this court lacks personal jurisdiction over him. On April 30, 1991, Sun opposed Asher's motion, and on May 15, 1991, Asher replied to Sun's opposition and requested this court to award him, pursuant to Rule 11 of the Federal Rules of Civil Procedure, his attorney's fees for defending this action. Diana Jacobs, however, has not answered Sun's complaint. This court: (1) grants Asher's motion for dismissal on the ground that this court lacks personal jurisdiction over him; (2) denies Asher's request for attorney's fees; and (3) sua sponte dismisses Sun's claim against Diana Schonfeld on the ground that this court lacks personal jurisdiction over her.
 
 ANALYSIS
 I. Motion to Dismiss
 
 12
 The Seventh Circuit Court of Appeals has repeatedly upheld the rule that:
 
 
 13
 A federal district court in a diversity case has personal jurisdiction over a non-consenting, nonresident defendant if and only if a court of the state in which the district court is sitting would have such jurisdiction (in our case [and in ours] Wisconsin).
 
 
 14
 Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir.1986), cert. denied 479 U.S. 1092 (1987), (citing Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1362 (7th cir.1985); Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1212 (7th Cir.1984). The Wisconsin Supreme Court has held that personal jurisdiction over a defendant exists when (1) the defendant is subject to jurisdiction under the Wisconsin long-arm statute and (2) exercising jurisdiction under the statute does not violate the due process requirements of the fourteenth amendment of the federal constitution. Liquidation of All-Star Ins. Corp. v. APS Ins. Agency, 110 Wis.2d 72, 76, 327 N.W.2d 648, 650 (1983). The Wisconsin Supreme Court also has held that the plaintiff has the burden of proving that personal jurisdiction exists. Lincoln v. Seawright, 104 Wis.2d 4, 9, 310 N.W.2d 596 (1981).
 
 
 15
 Although Sun has referred to Wis.Stat. § 801.05(5)(b) in his brief in opposition to Asher's motion, he has not explained how this statute provides this court with personal jurisdiction over Asher. This court, however, does not have to determine if § 801.05(5)(b) provides it with jurisdiction because it finds that exercising jurisdiction over Asher, if possible under any Wisconsin statute, would violate the due process requirements of the fourteenth amendment.
 
 
 16
 The United States Supreme Court has consistently held that the due process requirements of the fourteenth amendment are fulfilled whenever the defendant has "purposefully established 'minimum contacts' in the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Although the nature and number of contacts that are required to satisfy the minimum contact threshold varies, the Court has repeatedly held that:
 
 
 17
 [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
 
 
 18
 Id. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958). The Court has described the function of the "purposeful availment" requirement as follows:
 
 
 19
 This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person."
 
 
 20
 Burger King, 471 U.S. at 475 (citations and footnote omitted). In determining if Asher purposefully availed himself of the privileges of conducting activities in Wisconsin, this court must consider whether or not his contact with Wisconsin was such that he should have reasonably anticipated being subjected to a lawsuit in Wisconsin. Burger King, 471 U.S. at 474; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In the present case, this court finds that Asher did not purposefully avail himself of the privileges of conducting activities in Wisconsin and should not have reasonably foreseen being subjected to a lawsuit in Wisconsin.
 
 
 21
 Sun has plead that: (1) he paid $100,000 in stocks to the Schonfelds to purchase from them the Safari Beach Hotel in Daytona, Florida; (2) he met with Asher, who held the mortgage on the hotel, prior to the transaction to obtain Asher's approval; (3) Asher never told Sun that the hotel was in the process of being foreclosed; and (4) after he paid the Schonfelds the $100,000 in stocks the hotel was foreclosed (Complaint pp III. 1-11). Sun, however, has not alleged any facts either in his complaint or in his brief opposing Asher's motion to dismiss which indicate that Asher had any contact with Sun in Wisconsin. Although Sun submitted copies of numerous documents indicating that he has had contact with Asher, none of these documents indicate that the contact was in Wisconsin or initiated by Asher. Finally, Asher has stated in an affidavit that he has never: (1) been present in Wisconsin; (2) engaged in any business activities in Wisconsin; and (3) had contact with Sun in Wisconsin (Apr. 23, 1991 Sun Aff. pp 1-6). Thus, this court concludes that Sun has not met his burden of proving that this court has personal jurisdiction over Asher, and Asher's motion to dismiss is granted.
 
 
 22
 As an alternative to dismissing Sun's claim against Asher for lack of personal jurisdiction, this court could transfer his claim pursuant to Title 28 United States Code § 1406(a) to a district where it could have originally been brought. As long as the transfer is in the interest of justice, it can occur regardless of whether or not his court has personal jurisdiction over the parties. Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).
 
 
 23
 The facts surrounding and supporting Sun's claim, however, are not clear enough to permit this court to transfer this action to a different venue. First, Sun's complaint was drafted in broken English and Sun's sole claim against Asher is that Asher failed to tell Sun that Asher had foreclosed, or was going to foreclose, on the mortgage he held on the hotel Sun was considering purchasing. Second, Asher has stated that Sun's claim is without merit because he had not foreclosed on the hotel at the time he met with Sun (Apr. 23, 1991 Asher Aff. p 7). Thus, at this time, Sun's claim against Asher appears to be tenuous and the interests of justice do not favor transferring Sun's complaint.
 
 
 24
 In Asher's reply brief, he requests this court to award him attorney's fees pursuant to Rule 11 of the Fed.R.Civ.P. for defending this action. Asher, however, has not filed a motion for attorney's fees, and Sun has not been provided with an opportunity to respond to Asher's request.
 
 
 25
 Asher argues that there is no legal basis supporting Sun's claim that Asher is liable to him on the theory that Asher failed to reveal the foreclosure of the hotel. However, when Sun's complaint is broadly construed it does contain a claim of fraud against Asher. Asher also argues that there is no factual basis for Sun's claim because Asher did not foreclose on the hotel until after he met with Sun. However, the record does not indicate if Asher knew he was going to foreclose on the hotel at the time he met with Sun. Thus, this court concludes that Sun's claim against Asher is not patently frivolous and Asher's request for attorney's fees is denied.
 
 
 26
 II. Sun's Claim Against Diana Jacobs, a/k/a Diana Schonfeld
 
 
 27
 Sun's only claim against Diana Schonfeld is that she cooperated with her parents, the Schonfelds, in fraudulently obtaining $100,000 in stocks from him. Sun, however, has provided no specific facts as to how Diana Schonfeld assisted in the alleged fraud. The complaint only states:
 
 
 28
 Diana Jacobs perform the fraud, trick and complementary her father and mothers deception plan and damaged plaintiff as well as her father and mother did. She need responsibility of all the $100,000 stocks with interests I lost. Beside she need to send her in jail for the crime, she committed.
 
 
 29
 Complaint p 11. Thus, Sun's claim arises solely out of her relationship to her parents, the Schonfelds.
 
 
 30
 Sun already has brought an action against the Schonfelds in this court. This previous action, however, was dismissed because this court did not have personal jurisdiction over the Schonfelds. Sun v. Schonfeld, No. 89-C-421 (E.D.Wis. Oct. 29, 1990). Sun has alleged no facts in his complaint which indicate that Diana Schonfeld has had a single contact with Wisconsin or that she has taken actions independent of her parents. Thus, this court sua sponte dismisses Sun's claim against Diana Jacobs because this court does not have personal jurisdiction to hear a claim against her.
 
 
 31
 IT IS THEREFORE ORDERED that defendant Bud Asher's motion to dismiss plaintiff Abraham D. Sun's claim against him without prejudice on the ground that this court lacks personal jurisdiction over him is GRANTED.
 
 
 32
 IT IS FURTHER ORDERED that defendant Bud Asher's request for attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure is DENIED.
 
 
 33
 IT IS FURTHER ORDERED that this court sua sponte dismisses without prejudice plaintiff Abraham D. Sun's claim against defendant Diana Jacobs a/k/a Diana Schonfeld on the ground that this court lacks personal jurisdiction over her.
 
 
 34
 IT IS FURTHER ORDERED that this action is dismissed because all of the claims contained in Abraham D. Sun's complaint have been dismissed.
 
 BY THE COURT:
 John W. Reynolds
 John W. Reynolds
 Senior Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs