993 F.2d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathye E. LIGHT, Plaintiff-Appellant,
v.
Thomas WRIGHT, III; Thomas Wright, Jr., Defendants-Appellees.
 No. 92-1795.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
Decided: May 4, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-92-241)
 Argued: R. Hayes Hofler, III, Hayes Hofler & Associates, P.A., Durham, North Carolina, for Appellant.
 William Joseph Owen, III, Cowan & Owen, P.C., Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kathye Light appeals the district court's grant of summary judgment to defendants. Reviewing the grant of summary judgment de novo, see Overstreet v. Kentucky Central Life Ins. Co., 950 F.2d 931, 938 (4th Cir. 1991), and drawing all justifiable inferences in favor of her, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), we affirm.
 
 I.
 
 2
 On October 16, 1988, Miss Light, a resident of Durham County, North Carolina, was riding as a passenger in an automobile in Chesterfield County, Virginia. Said automobile was hit in the rear-end by an automobile driven by defendant, Thomas Wright, III, who was driving an automobile owned by his father, Thomas Wright, Jr. Both are defendants and both are residents of Richmond, Virginia. As a result of this accident, Miss Light sustained injuries that caused her to incur substantial medical bills. On October 15, 1991, she filed a suit under diversity jurisdiction in the United States District Court for the Middle District of North Carolina seeking to recover for her injuries.
 
 
 3
 Defendants, appearing specially, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) through (5), alleging lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. This motion was supported by an affidavit from Wright, Jr. stating that neither he nor his son had been served with papers in North Carolina pertaining to the case and that neither he nor his son had any connection with North Carolina. In response, Miss Light filed a motion to transfer under 28 U.S.C.s 1406, admitting that the court lacked personal jurisdiction and that venue properly lay in the United States District Court for the Eastern District of Virginia.
 
 
 4
 Defendants then filed a reply brief requesting the court to deny the motion to transfer and to grant with prejudice their motion to dismiss because the Virginia statute of limitations applicable to this action had run, thus barring the action in Virginia. Miss Light then filed a motion for partial summary judgment with regard to service of process, personal jurisdiction and the statute of limitations. She claimed that because the defendants had asserted an affirmative defense and requested dismissal with prejudice in their reply brief, they had made a general appearance and waived service of process and personal jurisdiction. She also claimed that defendants were equitably estopped from asserting the statute of limitations because they had admitted liability and had engaged in extensive settlement negotiations.
 
 
 5
 Noting that Miss Light had raised equitable claims which possibly would defeat the statute of limitations bar in Virginia, the district court held that justice would best be served by transferring the case rather than dismissing it. The district court then granted her motion to transfer holding that it had the power to transfer the case despite its lack of personal jurisdiction over the defendants. See 28 U.S.C. § 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). After the case was transferred, defendants filed an answer and a motion for summary judgment. Miss Light requested that the court deny the motion for summary judgment and strike the defendants' statute of limitations defense based on equitable estoppel. For reasons stated from the bench the district court granted the motion for summary judgment and dismissed the action with prejudice. Miss Light now appeals.
 
 II.
 
 6
 The issue on appeal is whether the district court erred in granting summary judgment to defendants based on the running of the statute of limitations in Virginia. Miss Light asserts that equitable estoppel prevents defendants from pleading the statute of limitations as a defense because both before and after it had expired defendants' insurance company, USAA Property and Casualty Insurance (USAA), acknowledged liability and continued negotiations to settle her claim. As a result of this continued activity, she claims she was lulled into a false sense of security that defendants would not rely on the running of the Virginia statute of limitations to bar the action on the merits if no settlement could be reached.
 
 
 7
 We previously have held that under Virginia law equitable estoppel may prevent a defendant from asserting the statute of limitations as a defense. See City of Bedford v. James Leffel & Co., 558 F.2d 216, 217-18 (4th Cir. 1977). Under this principle,
 
 
 8
 "one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute [of limitations], and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." The doctrine is, of course, most clearly applicable where the aggrieved party's delay in bringing suit was caused by his opponent's intentional misrepresentation; but deceit is not an essential element of estoppel. It is sufficient that the aggrieved party reasonably relied on the words and conduct of the person to be estopped in allowing the limitations period to expire.
 
 
 9
 558 F.2d at 218 (citations omitted). Based upon our review of the record, however, we are of opinion that equitable estoppel does not prevent the statute of limitations bar in this instance.
 
 
 10
 When Miss Light moved for partial summary judgment in the district court in North Carolina, she supported her motion with affidavits and letters indicating correspondence between USAA and both her and her attorney. This material indicates that USAA was aware of her injuries as early as October 18, 1988, and that written correspondence between USAA and Miss Light and her attorney continued until at least October 1, 1991. Although the Virginia statute of limitations had run during this period, this correspondence indicates two important facts concerning her claim.
 
 
 11
 Under the Virginia statute of limitations Miss Light's claim expired on October 15, 1990. See Va. Code Ann. § 8.01-243(A). On May 29, 1990, Brenda Rolan, a legal assistant to Miss Light's attorney, sent a letter to Miss Roxanne Irvin, a claims adjuster for USAA. This letter stated:
 
 
 12
 We are in receipt of your letter to Mr. Hofler dated May 3, 1990. Mr. Hofler has asked that I provide you with information regarding Dr. Light's injuries.
 
 
 13
 ...
 
 
 14
 On completion of our investigation, we will submit to you a claim on behalf of Dr. Light.
 
 
 15
 If you have any further questions, please do not hesitate to contact us. (italics added)
 
 
 16
 On July 5, 1990, Miss Irvin sent a letter acknowledging receipt of the May, 29, 1990, letter and stating: "If you have received all information on her condition, would you please submit it for review. If all information has not been received, would you please advise the status of her injury." On January 28, 1991, Miss LaBossiere, a casualty claims examiner for USAA, sent a letter to Mr. Hofler advising him that she had taken over the handling of Miss Light's case and stating:
 
 
 17
 I note in going through this file that the last correspondence we had from your office was dated May 29, 1990. I was wondering at this time if you had any further medical records or special damages regarding your client's alleged injuries received in this accident. If you do not have any further records, is this matter in a position now to attempt settlement? (italics added)
 
 
 18
 Mr. Hofler responded on April 2, 1991, stating that he was still waiting on a doctor's report and that "[a]s soon as we receive it, we will put together a proposal for settlement of this claim and forward it to you."
 
 
 19
 During the span of this correspondence, the statute of limitations ran in Virginia. This correspondence, however, indicates no effort on the part of USAA to lull Miss Light or Mr. Hofler into a false sense of security and presents no evidence that USAA did anything upon which they reasonably relied in allowing the Virginia statute of limitations to run. To the contrary this correspondence indicates that USAA was waiting on information from Mr. Hofler to process Miss Light's claim.
 
 
 20
 If this alone may not defeat Miss Light's claim of equitable estoppel, the attorney's letter of October 1, 1991, to Miss Labossiere supports the district court's denial of relief. This letter states in pertinent part:
 
 
 21
 I wanted to attempt settlement before filing a suit. This may not be possible since the statute of limitations runs on October 15, 1991.
 
 
 22
 ...
 
 
 23
 I am sorry that we have not been able to get you a final settlement offer before having gotten to this point. This has been a very unusual case where my client's condition has gotten progressively worse, culminating recently in some fairly drastic surgery. This has greatly increased the degree of her claim. If you can immediately make an offer of settlement, we would certainly consider it. However, it appears that we may have to file suit in order to preserve the claim and give you more time to investigate it, since we have the statute of limitations deadline of October 15. (italics added)
 
 
 24
 Though the record contains no reply from USAA, Miss Light states in her affidavit that USAA immediately denied coverage based on the running of the Virginia statute of limitations. Miss Light then filed suit on October 15, 1991, the last day before the North Carolina statute of limitations ran. See N.C. Gen. Stat. § 1-52(16).
 
 
 25
 Notwithstanding Miss Light's assertion, this correspondence supports the conclusion of the district court that Mr. Hofler did not rely on any words or conduct of USAA in allowing the statute of limitations to run. To the contrary, suit was filed to prevent the statute from running. The fact that Mr. Hofler was apparently operating under the erroneous premise that the North Carolina statute of limitations applied to this action does not alter the fact that he was aware that USAA might plead the statute if he allowed it to run. Because all concerned were fully aware of a defense of the statute of limitations, there is no basis for equitably estopping defendants from pleading the Virginia statute of limitations as a bar.
 
 
 26
 Accordingly, the judgment of the district court is
 
 
 27
 AFFIRMED.