

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2002

# Sidari v. Caesars Pocono

Precedential or Non-Precedential:

Docket 1-2390

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Sidari v. Caesars Pocono" (2002). *2002 Decisions*. Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 01-2390


ROBERT A. SIDARI;
KAREN SIDARI

v.

CAESAR'S POCONO RESORTS;
CAESAR'S BROOKDALE BY THE LAKE

Robert Sidari and Karen Sidari,
                                    Appellants


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-01835)
District Judge:  Hon. Katharine S. Hayden


Submitted Under Third Circuit LAR 34.1(a)
February 7, 2002

Before:  SLOVITER, AMBRO, Circuit Judges, and SHADUR, District Judge*

        (Filed                                    )


OPINION OF THE COURT
_____

* Hon. Milton I. Shadur, Senior United States District Judge for the
Northern District of
    Illinois, sitting by designation.

SLOVITER, Circuit Judge.

Appellants Robert and Karen Sidari ("the Sidaris") appeal, claiming that the District Court erred in granting the motion of defendant Caesar's Pocono Resorts to dismiss their tort case for lack of personal jurisdiction and, in the alternative, that the District Court should have transferred the complaint to a district in Pennsylvania where venue would be appropriate. In the alternative, appellants request that the order of the District Court denying their motion to transfer venue be vacated and the complaint be transferred to the district court in Pennsylvania.

                                    I.

The Sidaris, who are citizens of Ridgewood, New Jersey, were registered guests at the Caesar's Brookdale by the Lake resort ("Brookdale"), located in Scotrun, Pennsylvania, on July 9, 1998. That evening, while Robert Sidari was walking on the grounds of the Brookdale resort, he stepped into a hole in the ground and fell, suffering extensive physical injury. He and his wife filed suit against Brookdale in the District Court for the District of New Jersey seeking to recover for personal injuries sustained from Robert Sidari's fall. Brookdale filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), which the District Court granted on February 15, 2001. The District Court held that the Sidaris failed to show that Brookdale had sufficient minimum contacts with the State of New Jersey to establish personal jurisdiction.

Some three weeks later, on March 7, 2001, the Sidaris filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from final judgment in the form of transfer of the case to the Eastern District of Pennsylvania. The District Court denied the motion on May 14, 2001 on the ground that the Sidaris had no right to relief because the action had been terminated by the dismissal of the case. Further, the District Court found that the Sidaris failed to properly support their motion and to show how the change of venue would be in the interests of justice.

The Sidaris filed a timely notice of appeal from the May 14, 2001 order denying transfer of venue. The notice of appeal did not reference the February 15, 2001 order

dismissing the Sidaris' complaint for lack of personal jurisdiction. Brookdale argues that the Sidaris' failure to designate the February 15 order in its notice of appeal deprives us of jurisdiction to review it. However, this court has stated that "a policy of liberal construction of notices of appeal prevails in the Third Circuit where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 202 n.1 (3d Cir. 2001). Assuming arguendo that we have jurisdiction, the decision of the District Court dismissing for lack of personal jurisdiction over the defendant in New Jersey was sound.

As to the transfer issue, we note that the Sidaris failed to move for a transfer to an appropriate venue, at least as an alternative, when the issue of personal jurisdiction was raised. Such a transfer for improper venue under 28 U.S.C. 1404(a) was possible even in the absence of personal jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Although the Sidaris have sought to invoke Rule 60(b), this is not a case that would warrant such relief. Transfer decisions fall to the discretion of the District Court, the District Court ruled that a transfer would not be in the interests of justice, and we find no abuse of discretion.

For the reasons set forth, we will affirm the decision of the District Court.

_____

TO THE CLERK:

        Please file the foregoing opinion.


        _____
        Circuit Judge